IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEFF RICHARD NELSON, § | |
|     PLAINTIFFS, § | |
| § | |
| V. § | CIVIL CASE NO. 3:25-CV-1414-K-BK |
| § | |
| CARLOS JIMENEZ GONZALEZ, ET AL., § | |
|     DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On June 4, 2025, Plaintiff Jeff Nelson filed a letter complaint against 30 unidentified Defendants. Doc. 3. He paid the filing fee and filed an amended complaint (the controlling pleading) suing Carlos Jimenez Gonzalez, Progressive Insurance, Texas Fifth Court Appeals, the 298th District Court, and three law firms. Doc. 6 at 1-3. As best as the Court can glean, Nelson alleges he was injured as the result of a traffic accident with Gonzalez on May 29, 2019. Doc. 6 at 7-15. With the assistance of counsel, Nelson sued Gonzalez in state court, but Nelson's counsel eventually withdrew, and summary judgment was entered in Gonzalez's favor. *Nelson v. Gonzalez*, DC-21-05106 (298th Jud. Dist. Court, Dallas Cnty., Sep. 27, 2024). The Texas Fifth Court of Appeals subsequently dismissed Nelson's appeal for failure to file a proper brief. *Nelson v. Gonzalez*, No. 05-24-01363-CV (Tex. App—Dallas, Mar. 17, 2025).

Here, Nelson names as defendants Gonzalez, Progressive Insurance, the state judges who ruled against him in state court, and the law firms that represented him, and seeks monetary damages. Doc. 6 at 12-13. Despite his many allegations, however, the Court concludes that subject matter jurisdiction is lacking. Therefore, this action should be dismissed.

## II. ANALYSIS

### A. Jurisdiction is Lacking

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Unless otherwise provided by statute, a federal district court has subject-matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008). Further, the plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

The Court must also liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e)

("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Nelson has not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). Nelson's amended complaint, however, contains no factual allegations that support federal question jurisdiction. Nelson is dissatisfied with the dismissal of his state action and appeal. He asserts that he is entitled to compensation for his personal injuries and financial losses stemming from a motor vehicle accident, which are typically tort claims actionable under state law. Doc. 6 at 7. He also contends, without any plausible factual basis, that the judges failed to rule based on the evidence, obstructed justice, and committed "crimes." Doc. 6 at 7-8.

Additionally, Nelson's assertions establish that some Defendants, like him, are in Texas (and, thus, presumably citizens of this state), which defeats subject-matter jurisdiction based on diversity. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

Finally, because Nelson does not present an adequate basis for either federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any state-law claims that he may be attempting to assert. 28 U.S.C. § 1367(a).

### B. *Rooker-Feldman* Doctrine also Divests this Court of Jurisdiction

Lastly, no matter his dissatisfaction with the outcome of the state action and appeal, Nelson may not seek recourse in federal court. The *Rooker-Feldman* doctrine divests this Court

of subject matter jurisdiction to review state court orders. *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000). It "holds that inferior federal courts do not have the power to modify or reverse state court judgments." *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (internal quotation marks and citation omitted).[1]

A federal complaint, even if framed as containing original claims for relief, attacks a state-court judgment for purposes of the *Rooker-Feldman* doctrine "when the [federal] claims are inextricably intertwined with a challenged state court judgment, or where the losing party in a state court action seeks what in substance would be appellate review of the state judgment." *Weaver v. Tex. Cap. Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (per curiam) (alteration in original) (internal citations and quotation marks omitted). Simply stated, a plaintiff cannot circumvent the *Rooker-Feldman* doctrine merely by recasting a complaint in the form of a federal action. *Moore v. Whitman*, 742 F. App'x 829, 832 (5th Cir. 2018) (per curiam) (citations omitted). Any errors in state cases should be reviewed and settled through the state appellate process. *Rooker,* 263 U.S. at 415; *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) ("'[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" (quoted case omitted)).

Here, Nelson essentially seeks to collaterally attack the validity of the state judgment and decision dismissing his appeal. But as outlined *supra*, his only recourse for challenging the state court proceedings is in the state court. *See, e.g.*, *Sherman v. Johnson*, No. 22-30693, 2023 WL 4704141, at *1 (5th Cir. July 24, 2023) (holding *Rooker-Feldman* doctrine barred review of state

---

[1] The doctrine and its title arises from decisions in two cases—*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). Because Nelson's state appeal was dismissed, the *Rooker-Feldman* doctrine applies to his claims. *Cf. Miller v. Dunn*, 35 F.4th 1007, 1012 (5th Cir. 2022) ("*Rooker-Feldman* is inapplicable where a state appeal is pending when the federal suit is filed.").

court eviction proceedings); *Moore*, 742 F. App'x at 832 (finding *Rooker- Feldman* doctrine precluded federal action "inextricably intertwined" with the state-court proceedings). As such, his claims clearly fall within the ambit of the *Rooker-Feldman* doctrine, and this Court lacks jurisdiction to consider them.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). The Court has already permitted Nelson to file an amended complaint. And ss discussed here, the facts alleged in Nelson's amended complaint establish a lack of subject matter jurisdiction in this Court that is not curable by amendment. Under these circumstances, granting leave to amend would be futile and cause needless delay.[2]

### IV. CONCLUSION

For all these reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on October 20, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] In any event, the 14-day objection period will permit Nelson to proffer any viable claims, supported by the facts alleged by him, over which this Court can exercise subject matter jurisdiction.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).